### THE MARY L. CUSHING.

#### KOCH et al. v. THE MARY L. CUSHING.

#### (District Court, S. D. New York. February 26, 1894.)

COLLISION—INEVITABLE ACCIDENT—MOORED VESSEL—INSECURE SPILE—GALE.
   A ship had been for a long time moored at a wharf in a customary and apparently a safe manner, but, on the occasion of a very heavy gale, shifting to the quarter which bore most heavily upon the ship, the spile to which she was moored, and of whose insecurity she could have had no knowledge, gave way, and the ship went adrift and damaged another vessel. *Held*, that the accident was inevitable, or at least without fault of the ship.

In Admiralty. Libel for collision.

Wing, Shoudy & Putnam, for libelant.
Goodrich, Deady & Goodrich, for claimants.

BROWN, District Judge. In the heavy storm of August 24, 1893, the ship Mary L. Cushing, of 1,575 tons net register, which was moored at the Erie basin, broke adrift, and was carried against the libelant's bark, Eolus, a somewhat smaller vessel, moored on the opposite side of the slip, and caused damages, for which the above libel was filed. The steamer was made fast by an anchor chain leading forward from the hawse pipe to a spile directly ahead, and standing a little inside of the bulkhead, in line with the ship; also by two chains leading from a cavil near the fore mast through a chock a little forward of the fore rigging, and about 15 feet abaft the hawse pipe; one leading directly across the pier to a spile, and the other leading forward; she had two other fastening lines aft. The spile forward to which the hawse chain was attached, pulled out; and after that gave way, the cavil, to which the two lines through the next chock were secured, was also carried away, and then, the other lines aft. No similar accident is shown from mooring to the spile at the Erie dock in the way the Cushing was moored. She was ordered there by the harbor master, and moored in a manner that, so far as the evidence shows, no one before the accident suspected to be insufficient. No one supposed the spile was insecure, or that its situation in reference to the ship was such as made it likely to be pulled out. No usual fastening lines were omitted. By experts she was considered well moored.

It is difficult for me to see why, under such circumstances, negligence should be ascribed to the ship. She broke away in consequence of the insecurity of the spile, of which the ship could have no knowledge, in conjunction with a very high tide, and an extraordinary gale shifting to a quarter which bore most heavily upon the ship. So far as I can see, neither those in charge of the

ship, nor any persons connected with the basin, or the shipping there, apprehended any injury from lack of due fastening before the accident. She had lain moored there for four months, and apparently well moored for any gale that was to be reasonably expected.

In the case of The Johannes, 10 Blatchf. 478, Fed. Cas. No. 7,-332, which, upon a cursory reading, appears to be somewhat similar to this case, the sole ground on which the ship was found in fault was, that she had out no breast line forward, and consequently swayed back and forth. On examining the record in that case, I find abundant testimony that such fastening by breast lines was usual, and considered necessary. The decision of the district court was based solely upon that ground; and on that ground alone, the judgment was affirmed in the circuit court.

In the present case, besides the hawser chain, there were two breast chains out forward, one of them leading straight across in the usual way. They were both fastened to spiles on the dock, and on board the ship to the cavil. There were thus three chains forward, to hold the ship in place. There is no evidence that the cavil was defective. But after the spile gave way, it was scarcely to be expected that against such a gale the cavil alone should hold the ship. No usual precaution is shown to have been omitted; and hence, though the cases are few in which I have been led to ascribe disaster to inevitable accident, this case, I think, fairly comes within that description; at least, as appears to me, she was without fault. The Morning Light, 2 Wall. 550; The Grace Girdler, 7 Wall. 196, 203; The Mabey and Cooper, 14 Wall. 215; The Austria, 9 Fed. 916, 14 Fed. 298; The Worthington and Davis, 19 Fed. 836; Neel v. Blythe, 42 Fed. 457; The Olympia, 52 Fed. 985; The Transfer No. 2, 56 Fed. 313.

Libel dismissed, with costs.